c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOANNA PITMAN YATES, Plaintiff | CIVIL ACTION NO. 1:20-CV-00828 |
| VERSUS | JUDGE DRELL |
| ROBERT FLANDERS BROADWELL, Individually and in his capacity as Trustee of the Joanna Pitman Yates Trust, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(1) Motion to Dismiss (ECF No. 5) filed by Defendant Robert Flanders Broadwell ("Broadwell"), individually and in his capacity as Trustee of the Joanna Pitman Yates Trust (the "Trust"). Broadwell asserts the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. ECF No. 5-1 at 1. Plaintiff Joanna Pitman Yates ("Yates") opposes. ECF No. 7. Because the Court has subject matter jurisdiction, Broadwell's Rule 12(b)(1) Motion to Dismiss (ECF No. 5) should be DENIED.

I.   Background

On June 29, 2020, Yates filed a verified Complaint (ECF No. 1), alleging diversity jurisdiction under 28 U.S.C. § 1332. Yates is domiciled in Galveston County, Texas. ECF No. 1 at 1. Broadwell is domiciled in Rapides Parish, Louisiana – both in his individual capacity and in his capacity as trustee of the Trust. *Id.* The Trust is a testamentary trust administered under Louisiana law and established in the Last

1

Will and Testament of Theresa Colleen East Pitman ("Pitman"), Yates's deceased mother. *Id.*

Pitman died testate on November 15, 2017, and her will was admitted to probate, *Succession of Theresa Colleen East Pitman*, No. 43,865 "E", by the Ninth Judicial District Court, Rapides Parish, Louisiana. *Id.* at 2. Yates asserts Pitman left the residue of her estate in equal one-half shares to her daughters. *Id.* Yates's half was to be held in the Trust, with the remaining half going to Pitman's only other child, Pamela Pitman Broadwell (and Broadwell's wife). *Id.* Pitman named Broadwell as the independent executor of her estate. *Id.* Pitman also named Broadwell as the trustee of the Trust with Yates as the sole income and principal beneficiary. *Id.* Yates, now 63 years old, asserts the Trust terminates upon her reaching 70 years old. *Id.*

Yates alleges that, at the conclusion of the succession, Broadwell was placed into possession of 50% of the residue of the Pitman estate. That portion is a value over $100,000. *Id.* at 3. Yates asserts Broadwell has never provided a professional accounting of the Trust and she is uncertain of the amount placed in the Trust. *Id.*

She asserts the one stated purpose of the Trust is to "provide her with a comfortable standard of living." *Id.* She contends Broadwell determined that a monthly distribution of $1,200 was appropriate. *Id.* With COVID-19 depriving Yates of income from short-term vacation rentals, she seeks an increase in Trust distributions. This request has been disregarded by Broadwell. *Id.*

Yates contends that if she dies before reaching age 70, the Trust principal and income are to be distributed to Broadwell's children. *Id.* at 3-4. Yates asserts Broadwell is motivated to preserve the Trust assets for his children. *Id.* Yates alleges that upon Broadwell's and his attorney Gwenda Lamb's ("Lamb's") request, she submitted her monthly expenses to set a monthly distribution for a "comfortable" living. *Id.* at 4. Yates asserts Broadwell and Lamb have disregarded the Trust's directive. *Id.*

Yates alleges Broadwell's March 2018 letter to her claimed that limiting her distribution was based on his interpretation of the "settlor's intent based on personal conversations" between him and Pitman. *Id.* at 5. Yates asserts Broadwell decided to provide only "supplemental income for basic needs" rather than a "comfortable standard of living." *Id.*

Yates alleges she asked for a detailed professional accounting of her inheritance, which she has yet to receive. *Id.* Yates contends Broadwell placed the Trust funds with Oestriecher Financial Management Services ("OFMS"), a local investment services company, but has not accounted for the investment of the Trust assets. *Id.* at 7.

Yates is self-employed in the hospitality business and owns and manages short term vacation rentals in Galveston, Texas. *Id.* at 8. Yates contends the City of Galveston issued an emergency order due to the COVID-19 pandemic, shutting down all short-term rental properties. *Id.* Yates sought an increase in distributions from

the Trust, but Broadwell in a delayed response felt Yates did not suffer negative financial impact and asked her for corroboration. *Id.*

Yates contends the Trust suffered a $10,000 diminution in value in March 2020 because of the market downturn. *Id.* at 9. She further alleges Broadwell liquidated $2,000 for his attorney retainer, necessitated by his breach of fiduciary duties, not ordinary administrative expenses. *Id.*

Yates asserts claims for breach of trust in violation of La. R.S. 9:2081 and breach of fiduciary duties in violation of La. R.S. 9:2082, 2090, and 2091. ECF No. 1 at 9-13. In addition to an accounting, Yates seeks termination of the Trust under La. R.S. §§ 9:2026(A) and (B), and immediate distribution of the assets to Yates as the sole primary beneficiary. *Id.* at 13-14.

Alternatively, Yates requests that Broadwell be directed under La. R.S. 9:2233(A) to significantly increase monthly distributions of Trust income and principal to provide Yates a "comfortable standard of living." *Id.* at 14. In each count, Yates asserts the harm to her exceeds $75,000. *Id.* at 11-14. Yates further asserts the Trust's assets have a market value of less than $100,000.00 because of Broadwell's imprudent administration. *Id.* at 13.

Yates seeks monetary damages, including actual, special, and exemplary damages; a return of all Trust assets expended by the trustee in defense of this action; pre-judgment and post-judgment interest; attorneys' fees; and costs. *Id.* at 15.

Broadwell now seeks a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 5. Broadwell asserts "the requisite $75,000 amount in

controversy does not exist between the parties." ECF No. 5-1 at 1. Broadwell contends Yates fails to allege facts establishing damages exceeding $75,000. *Id.* at 4. In support, Broadwell attaches the Judgment of Possession (ECF No. 5-4), a portfolio of Pitman's investments (ECF No. 5-5), and an April 2020 statement of the annuity holding the trust funds (ECF No. 5-6).

Yates opposes. ECF No. 7.

## II. Law and Analysis

### A. Standards governing the 12(b)(1) Motion to Dismiss.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also* Fed. R. Civ. P. 12(b)(1). A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161.

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161 (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does, in fact, exist. *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Ramming*, 281 F.3d at 161 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"Under Rule 12(b)(1), a court has wide discretion to review affidavits, and other documents outside of the pleadings, as well as to conduct a limited evidentiary hearing, in order to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside of the pleadings does not convert the motion to a Rule 56 summary judgment motion." *Martin v. Napolitano*, 11-CV-1368, 2012 WL 1413579, at *3 (W.D. La. Apr. 2, 2012), *report and recommendation adopted,* 11-CV-1368, 2012 WL 1413162 (W.D. La. Apr. 23, 2012) (citing *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) ("[W]here subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations.")

B. <u>The Court has diversity jurisdiction over Yates's Complaint.</u>

Diversity jurisdiction is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive

of interest and costs. 28 U.S.C. § 1332. The party seeking to invoke federal jurisdiction has the burden to prove that the amount in controversy exceeds the jurisdictional minimum. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Larremore v. Lykes Bros. Inc.*, 454 Fed.Appx. 305, 306 (5th Cir. 2011).

In actions filed in federal court, a plaintiff generally satisfies the amount in controversy requirement by pleading, in good faith, an amount above the jurisdictional threshold. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (recognizing a rebuttable presumption that the amount in controversy is satisfied where plaintiff pleads in good faith an amount above the threshold). Thus, the sum claimed by the plaintiff controls the amount in controversy if made in good faith, and dismissal is justified only if it appears "to a legal certainty that the claim is really for less than the jurisdictional threshold." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury*, 303 U.S. at 289).[1]

---

[1] "[H]owever, . . . this 'legal certainty' test has limited utility – in fact is inapplicable – when the plaintiff has alleged an indeterminate amount of damages." *St. Paul Mercury*, 303 U.S. at 288-89 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995)). Where a plaintiff alleges an indeterminate amount of damages or pleads bare allegations of jurisdictional facts, the Fifth Circuit has found instructive the procedures developed in cases concerning removal from state court to federal court, where the amount in controversy is in dispute. *Id.*; *see also* 14AA *Wright & Miller*, Fed. Prac. & Proc. Juris. § 3702 (4th ed.) ("somewhat different standards of proof typically are used for actions that enter the federal court system by way of removal"). Here, however, Yates originally filed her Complaint (ECF No. 1) in federal court and affirmatively alleges her claims exceed $75,000. Thus, the test here is whether Broadwell can establish to a legal certainty that Yates's claims do not exceed $75,000.

Complete diversity among the parties is not disputed. ECF No. 5-1 at 1. Broadwell's Motion to Dismiss for lack of subject matter jurisdiction is limited to whether Yates establishes that the amount in controversy exceeds $75,000. *Id.*

Broadwell argues Yates fails to specifically allege facts indicating damages exceed $75,000. *Id.* at 4. Broadwell further contends the annuity in trust is accounted for, with a surplus due to earned income and no loss. *Id.* Broadwell submits in support an April 2020 investment statement (ECF No. 5-6), asserting there is no loss or damage to plaintiff and the requisite amount in controversy cannot be met. *Id.* at 6. Specifically, Broadwell asserts the April 2020 statement shows a balance of $84,120.06. *Id.* at 2. Broadwell asserts Yates received monthly annuity[2] payments from 2018 to 2020 totaling $31,200.00. *Id.* Adding the balance to the disbursements totals $115,320.00. *Id.* at 3. Broadwell argues $111,555.74 was placed in the annuity, thus no funds have been lost. *Id.*

Yates opposes. ECF No. 7. Yates argues her Complaint (ECF No. 1) makes multiple references to the amount of assets in the Trust, initially not less than $100,000. *Id.* at 1. Yates contends that in addition to breach of fiduciary duties, loss of income, and mental anguish, she seeks to terminate the Trust and order all assets be distributed to her. *Id.* at 1-2. It is undisputed the value of the Trust assets amount to more than $84,000. ECF Nos. 5-1 at 3, 7 at 2. If successful, Yates asserts her recovery would exceed the jurisdictional threshold. ECF No. 7 at 2. Yates contends that it is facially apparent her claims exceed $75,000 and that Broadwell fails to

---

[2] Broadwell asserts he purchased an annuity with the trust funds for a term of 7 years to generate $1200.00 per month income to Yates since March 2018. ECF No. 3.

establish "to a legal certainty" that her claims are for less than the jurisdictional threshold. *Id.* at 2-3.

Broadwell responds that the amount in controversy is what Yates can prove she is entitled to now. ECF No. 9 at 1. Broadwell argues that the amount in the trust is not the amount in controversy, citing *Walsh v. Walsh*, 2004 WL 1490265, at *1 (N.D. Ill. Jun. 30, 2004). *Id.* Broadwell contends that the Trust holds funds, all of which will be distributed to Yates. *Id.* at 3. Broadwell asserts "all of the trust funds are not necessarily at issue now and do not all, in fact, constitute the amount of what is at issue." *Id.* Broadwell asserts his submissions establish the seriousness with which he administered the trust and the fact that the investments chose profited Yates. *Id.* Broadwell asserts Yates fails to show proof of harm or wrongdoing by him. *Id.*

Yates argues in response that there is no controlling precedent from the United States Court of Appeal for the Fifth Circuit concerning the issue raised by Broadwell. ECF No. 21 at 2. And the Court has found none.

Yates also argues the Court may look to *Glass v. Steinberg*, 2010 WL 6592935 (W.D. Ky. Jan. 15, 2010) for guidance. *Id.* Citing *Glass*, Yates asserts "that where removal of a trustee is sought, the trust corpus over which the trustee exercises control constitutes the amount in controversy." *Id.* (citing *Glass*, 2010 WL 6592935, at *2). Yates contends the amount in controversy is satisfied because she is seeking relief involving the entire Trust corpus, plus additional damages. *Id.* at 3.

9

Yates further asserts that, although she does not seek injunctive relief *per se*, part of the *de facto* relief she seeks is to essentially enjoin Broadwell from exercising control over the Trust. *Id.* at 3-4. Yates asserts the Court should follow *Culbertson v. Libco Corp.*, 983 F.2d 82, 83-85 (7th Cir. 1993), which held that where a trustee brings a claim on behalf of a trust to enforce rights inuring to the benefit of the trust beneficiaries, the "amount of the trust" may be considered in calculating the amount in controversy.

"According to the Supreme Court, in cases seeking equitable relief, such as an accounting, 'it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cheek v. Horton*, 2008 2008 WL 3500369, at *2 (E.D. La. Aug. 11, 2008) (quoting *Garcia*, 351 F.3d at 640). "'[W]here affirmative relief is sought by an accounting, the amount in controversy is measured by the value of the *res*, the damage to the *res* sought to be redressed, or the monetary value of the complainant's shares of the *res* which is distributable.'" *Id.*

Though not cited by either party, the Court finds *Cheek* factually similar. There, Cheek brought a diversity action asserting claims against a trustee over management of a trust established by their mother, of which the sisters were equal beneficiaries. *Cheek v. Horton*, CIV.A. 08-809, 2008 WL 3500369, at *2 (E.D. La. Aug. 11, 2008). Cheek sought an accounting and partitioning of the trust between the two sisters, and attorney's fees. *Id.* at *1. Cheek's sister, the defendant trustee, sought Rule 12(b)(1) dismissal for lack of subject of subject matter jurisdiction. *Id.* The court found that the *res* in that case was the trust whose value exceeded the jurisdictional

10

threshold. *Id.* at *2. The court denied the motion, finding that not only did the plaintiff seek an accounting, but she also sought partitioning of the trust, the value of which exceeded $2,000,000. *Id.*

Moreover, "[i]n actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Algiers Dev. Dist. v. Vista Louisiana, LLC*, CV 16-16402, 2017 WL 121127, at *4 (E.D. La. Jan. 12, 2017) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 97 S.Ct. 2434, 2443 (1977)). The Fifth Circuit "has held that the object of the litigation is the value to the plaintiff of the right to be protected or the extent of the injury to be prevented." *Id.* (citing *Alfonso v. Hillsborough Cty. Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)). "'[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Id.* (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961)).

Here, Yates seeks both monetary damages and equitable relief. ECF No. 1 at 12-14. Yates alleges in her verified Complaint (ECF No. 1) that:

> The provisions of the Trust contain only one expressly stated purpose:
>
> The primary purpose of the Trust for the benefit of [Mrs. Pitman's] daughter, JoAnna Pitman Yates, is to provide her with a comfortable standard of living. The Trustee shall disburse income and, if the income is not sufficient, principal sufficient to enable the beneficiary to maintain that standard of living.

ECF No. 1 at 3.

Yates alleges Broadwell's $1,200.00 distribution is inappropriate and he ignored requests to increase distributions to maintain "a comfortable standard of

living." *Id.* Yates alleges Broadwell's strategy is to preserve the Trust principal to maintain a sum for his children in the event Yates does not live to age 70. *Id.* She alleges he substituted the terms of the Trust with his decisions to provide only "supplemental income for basic needs" based on his interpretation of the settlor's intent. *Id.* at 5. She asserts Broadwell invested the Trust assets with OFMS but has failed to account for how the investments selected accomplish providing Yates "a comfortable standard of living" or maximize returns. *Id.* at 7.

Yates alleges that Broadwell breached his fiduciary duties, constituting a breach of trust, by, among other things, investing the Trust assets in a manner to preserve the principal rather than generating income or returns sufficient to provide her with a "comfortable standard of living." *Id.* at 10. She further alleges he breached the terms of the trust, refused to increase the distributions, and repeatedly refused or failed to disclose or discuss information relating to Trust assets or account for same. *Id.* at 10-11. Yates asserts Broadwell is liable for loss or depreciation in value of the Trust's assets, any realized profit, and any profit that would have accrued to the Trust absent Broadwell's breach of trust. *Id.* at 11. Yates alleges the amount of damages for breach of trust exceeds $75,000.

Yates claims Broadwell breached his fiduciary duty by treating her with suspicion, bias, hostility and disdain; disregarding the language of the trust; ignoring her reasonable requests for increased distributions; failing or refusing to communicate concerning administration of the trust and prudently administer assets; and expending Trust funds on attorney's fees in furtherance of such acts or

12

omissions. *Id.* at 12. Yates also seeks termination of the Trust and immediate distribution based on Broadwell's administration. *Id.* at 14. She seeks monetary damages for breach of fiduciary duty exceeding $75,000, including the income shortfall due to Broadwell's imprudent administration and distribution of assets; mental anguish, emotional distress, and humiliation by his hostile treatment; and return of all assets expended. *Id.* at 12-13.

She contends that due to Broadwell's imprudent administration, the Trust now is considered a "small trust" under La. R.S. 9:2026(B). *Id.* at 13. She seeks termination of the Trust under La. R.S. 9:2026(A) and (B), and immediate distribution to her as the sole beneficiary. *Id.* at 13-14. *Id.* Alternatively, Yates seeks to have instructions issued to Broadwell, directing him to significantly increase monthly distributions of Trust income and principal to an amount sufficient provide a "a comfortable standard of living." *Id.* at 13. Yates asserts this claim exceeds $75,000. *Id.* at 14.

Here, Yates not only seeks an accounting, but also termination of the trust for which she is the sole beneficiary, and, alternatively, specific performance. Yates makes claim to the trust *res* for Broadwell's failure to increase her annuity payments to provide "a comfortable standard of living." It is apparent from the face of the Complaint (ECF No. 1) that the amount in controversy exceeds $75,000. Moreover, is undisputed that the value of the trust exceeded $75,000 at the time she filed her Complaint (ECF No. 1). Broadwell has not shown "to a legal certainty" that Yates's claims could not exceed the jurisdictional threshold.

## III. Conclusion

Because the Court has subject matter jurisdiction;

IT IS RECOMMENDED that Broadwell's Rule 12(b)(1) Motion to Dismiss (ECF No. 5) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, February 3, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE