UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JOANNA PITMAN YATES,** | **CIVIL ACTION NO. 1:20-CV-00828** |
| **VERSUS** | |
| **ROBERT FLANDERS BROADWELL, Individually and in his capacity as Trustee of the Joanna Pitman Yates Trust,** | **JUDGE DEE D. DRELL** <br> **MAGISTRATE JUDGE PEREZ-MONTES** |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (*de novo*) review of the record including the objections filed herein, we have determined that the findings and recommendation are correct under the applicable law. In so ruling, we note additional reasons.

Defendant objects to the Magistrate Judge's Report and Recommendation arguing, *inter alia*, that the Magistrate Judge failed "to apply the correct legal standard in determining whether the corpus of a trust should be considered in determining the diversity jurisdictional amount." (Doc. 25, p. 1). Defendant contends the Magistrate Judge should have followed In re Corestates Trust Fee Litigation, 39 F.3d 61, 65-66 (3rd Cir.1994) as: (1) it sets forth the proper standard for determining whether the corpus of a trust should be considered when determining jurisdictional amount; (2) it is a Circuit-level opinion, and as such, should be afforded greater weight than the district court case, Cheek v. Horton, 2008 WL 3500369 (E.D. La. August 11, 2008), relied upon by the Magistrate Judge; and, (3) the facts in Corestates are similar to the facts at hand. We disagree.

First, neither district court cases outside of this district nor circuit cases outside of this circuit are precedential. Rather, they are instructive. Second, we do not find that the facts nor the findings in Corestates are applicable to the instant case. The plaintiffs in Corestates simply sought removal of the trustee. Here, Plaintiff seeks dissolution of the trust and, in the alternative, removal of Defendant as trustee. Thus, the damages sought by Plaintiff are the corpus of the trust, not the fees collected by the trustee as sought in Corestates.

In response to Defendant's argument that the trust at issue cannot be dissolved by the court; therefore, the jurisdictional amount is not satisfied, we note that he is placing the proverbial cart before the horse. The only issue before this court at this time is whether diversity jurisdiction exists, not whether any of the claims before the court have merit. That issue must be addressed at another time in another motion.

Accordingly, as the object of the litigation is the corpus of the trust and because its value exceeds the jurisdictional amount, it is hereby

ORDERED that Defendant's Rule 12(b)(1) Motion to Dismiss for lack of jurisdiction (Doc. 5) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of March 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT